# EXHIBIT A

2007 WL 1468675
Only the Westlaw citation is currently available.
United States District Court,
S.D. Illinois.

Thomas H. LOCH, Glenna H.
Loch and Kayla N. Loch, Plaintiffs,
v.
BOARD OF EDUCATION OF EDWARDSVILLE
COMMUNITY SCHOOL DISTRICT # 7, Defendant.

Civil Action No. 3:06-cv-17-
MJR.    |    May 18, 2007.

**Attorneys and Law Firms**

Thomas H. Loch, Edwardsville, IL, pro se.

Glenna H. Loch, Edwardsville, IL, pro se.

Kayla N. Loch, Edwardsville, IL, pro se.

Laura M. Sinars, Jennifer A. Fletcher, Robbins, Schwartz et al., Chicago, IL, for Defendant.

**Opinion**

### *MEMORANDUM AND ORDER*

REAGAN, District Judge.

***1** Defendant, Board of Education of Edwardsville Community Unit School District No. 7 ("District"), moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss a portion of Counts I, V and VII, and all of Counts II, III, IV, VI, VII, IX and X of the Amended Complaint (Doc. 48). [1]

This case presents a host of claims and issues concerning the education of Plaintiff Kayla Loch ("Kayla"), who is now an adult. [2] At the core of this action are claims arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § § 1400 *et seq.,* although Plaintiffs have also brought claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.,* Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 794 *et seq.,* the Civil Rights Restoration Act of 1987 ("CRRA"), Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d, *et seq.,* and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*

Kayla alleges that the District, *inter alia,* failed to evaluate her in a timely manner, refused to honor dual credit courses and discriminated against Kayla on the basis of sex. Plaintiffs, Thomas and Glenna Loch ("Thomas and Glenna"), Kayla's parents, allege that the District violated the procedural requirements of the IDEA, retaliated and discriminated against them for having filed a complaint with the Human Rights Authority; and deprived Kayla of a free appropriate public education ("FAPE").

### I. *Background*

At the time that Plaintiffs filed their amended complaint, Kayla was an eighteen-year old student who attended Edwardsville Community Unit School District No. 7. Kayla was ten when she was diagnosed with juvenile diabetes and fourteen when she was diagnosed with emotional disabilities. After Kayla was diagnosed with diabetes, the school district developed a plan for accommodating her disability under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (commonly known as a "504 plan"). Although Kayla began to miss school regularly, she maintained good grades, and teachers continued to rate her social development well. Her attendance record eroded further in eighth and ninth grades and the first semester of tenth grade, but she still kept up with her work and performed well.

Plaintiffs allege that, beginning with her freshman year at Edwardsville High School ("EHS"), school staff failed to follow the 504 Plan written for Kayla and did not conduct meetings with her instructors to cover her 504 Plan formally. As a result, EHS staff and instructors did not accommodate her, as noted in her 504 Plan, such as not allowing her to receive full credit for late or make-up work. As a result of the difficulties Kayla had with her 504 Plan, Thomas and Glenna filed a complaint with the Human Rights Authority of the Illinois Guardianship and Advocacy Commission ("HRA"). The HRA concluded that EHS violated Kayla's rights in the fall of 2002 when it failed to follow appropriate procedures.

***2** In March, 2004, during the second semester of her sophomore year, Kayla stopped attending classes at EHS and began to attend Lewis and Clark Community College ("LCCC"). Plaintiffs claim that they took this step because of EHS's failure to accommodate her disability. EHS was not

aware of the reason Kayla stopped attending or completing her work; she failed most of her classes that semester, and her enrollment was eventually dropped.

In July, 2004, Plaintiffs met with the principal of EHS and presented a proposed plan for Kayla's schooling in the next academic year. The proposal specified that Kayla was to remain registered at EHS but would take all of her classes at LCCC, for which she would receive credit toward graduation from EHS. The principal stated that school board guidelines did not allow such an arrangement but that he and the assistant superintendent for curriculum would work with Plaintiffs to devise an appropriate plan for Kayla's continued education at EHS. Shortly thereafter, Thomas requested an evaluation under the IDEA to determine whether Kayla was eligible for special education. School officials conducted a series of tests, including the typical battery of tests for evaluating adolescent function and environmental adjustment. They also met with Kayla's therapist, psychiatrist and pediatric endocrinologist. Later, the testing team and school administrators met with Thomas and Glenna to discuss the results. Kayla's intellectual and psychological functioning were well within the normal category, but on her Behavior Rating Scale, the "School Maladjustment" domain categorized her as "at risk." The meeting also dealt with Kayla's conflicts with her teachers over her diabetes accommodations and her social conflicts with other students. The meeting resulted in a finding that Kayla was not in need of special education services.

Thomas disagreed with the finding, asked for a Section 504 meeting, and reiterated his request that Kayla receive EHS credit for taking LCCC classes. This request was again denied, and Plaintiffs were told that a Section 504 meeting could be scheduled when Kayla re-enrolled at EHS. After their requests were denied, Plaintiffs submitted a request for a due process hearing. The hearing did not result in a change in Kayla's status or her eligibility for special education. Plaintiffs could not obtain the accommodations that they sought, and this lawsuit followed.

## II. *Applicable Legal Standard*

The District moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs dismissal for failure to state a claim. In assessing a Rule 12(b)(6) motion, the Court must take as true all factual allegations and construe in plaintiff's favor all reasonable inferences. *Massey v. Merrill Lynch & Co., Inc.,* 464 F.3d 642, 656 (7th Cir.2006); *Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir.2002).

A complaint should be dismissed only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey,* 464 F.3d at 656. As the United States Court of Appeals for the Seventh Circuit explained:

> *\*3* "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Barnes v. Briley,* 420 F.3d 673, 677 (7th Cir.2005).... Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.*

*McCready v. EBay, Inc.,* 453 F.3d 882, 887 (7th Cir.2006).

Indeed, the law of this Circuit recognizes that, generally, "a party need not plead much to survive a motion to dismiss"-not specific facts, not legal theories, and not anything in anticipation of a possible defense. *Massey,* 464 F.3d at 650 (citing *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901-02 (7th Cir.2004)). The gist of this Court's inquiry is "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Board of Educ. of City of Chicago,* 434 F.3d 527, 533 (7th Cir.2006). *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (complaints need not allege facts; they need only present a claim for relief).

## III. *Analysis*

The District argues that it is entitled to dismissal of certain counts and portions of counts on the following grounds: 1) failure to exhaust administrative remedies; 2) failure to state a discrimination claim under Title VI; 3) failure to state a claim under 42 U.S.C. § 1983 that the District acted recklessly, with callous indifference or that the District has a custom or practice of denying or refusing services under the IDEA; 4) failure to state a claim regarding prior written notice under the IDEA; and 5) Thomas and Glenna lack standing to pursue claims under the IDEA. The Court will address the District's arguments in turn.

**A. Exhaustion of administrative remedies (Counts I, II, VI and IX)**

It is undisputed that any parent or student who seeks relief available under the IDEA must exhaust administrative remedies prior to filing a civil action. *See* 20 U.S.C. § 1415(l); *Charlie F. v. Board of Educ. of Skokie Sch. Dist. 68,* 98 F.3d 989 (7th Cir.1996). Exhaustion of remedies is also required for claims asserted under Section 504 and the ADA where a parent or student seeks relief under the IDEA. *Charlie F.,* 98 F.3d at 991-92. Only those issues raised before the administrative hearing officer satisfy the exhaustion requirement. *Kerry M. v. Manhattan Sch. Dist. No. 114,* 2004 WL 2538303, at *8 (N.D.Ill.2004). Each IDEA allegation must be exhausted individually. *Id.*

The District contends that five issues raised in Plaintiffs' amended complaint were not raised before the hearing officer: 1) the district's "evaluation process was largely inadequate nor was it a complete and objective evaluation.... Only the BASC was used, despite an 'at risk' score indicating that a serious problem existed with the educational setting and the school's teachers and administrators;" 2) the district "failed to consider Kayla's educational performance"; 3) the district "failed to consider Kayla's excessive absenteeism and the affect (sic) it was having on her educational development"; 4) the district "failed to consider Kayla's parents (sic) input"; and 5) the district "failed to consider Kayla's health care providers (sic) findings." Plaintiffs contend that they have met the exhaustion requirement and that all issues were properly raised before the hearing officer.

*\*4* The Court finds that a motion to dismiss is a singularly inappropriate time to resolve this sort of "he said she said" dispute. *See Russell v. Board of Trustees of the University of Illinois at Chicago,* 243 F.3d 336, 340 (7th Cir.2001). Accordingly, the Court will deny the District's motion to dismiss as to exhaustion of remedies.

**B. Sex discrimination (Count III)**

The District asserts that Kayla's sex discrimination claim set forth in Count III should be dismissed. The District asserts that Title VI of the Civil Rights Act does not prohibit discrimination based on based on sex or disability and that Kayla cannot prove a *prima facie* case of sex discrimination under Title IX or the Americans with Disabilities Act ("ADA"). Kayla counters that Title IX prohibits sex discrimination by recipients of federal education funding, such as EHS. Kayla asserts that the acceptance of "dual credit" college work by the District is approved on a case-by-case basis and, as practiced, favors male students, specifically male student athletes.

The District is correct that Title VI of the Civil Rights Act prohibits discrimination on the basis of race, color or national origin by programs or activities receiving federal financial assistance. 42 U.S.C. § 2000d; *see New York City Jaycees, Inc. v. U.S. Jaycees, Inc.,* 377 F.Supp. 481 (D.C.N.Y.1974), *reversed on other grounds* 512 F.2d 856 (holding that Title VI does not bar sex discrimination). Therefore, Kayla's claim of discrimination on the basis of sex or disability may not be brought under Title VI. The Court will dismiss that portion of Count III that makes a claim under Title VI.

Title IX provides for the redress of sex discrimination at federally-funded institutions. Education Amendments of 1972, § 901, 20 U.S.C. § 1681; *Boulahanis v. Board of Regents,* 198 F.3d 633, 640 -41 (7th Cir.1999). Kayla alleges that she was discriminated against on the basis of sex where she was denied access to educational opportunities offered to male students and, more specifically, to male athletes. Kayla need not allege facts, as the District suggests, but need only present a claim for relief. *See Swierkiewicz,* 534 U.S. at 508. As such, Kayla has sufficiently alleged that the District denied her educational benefits based on her gender to withstand the District's motion to dismiss as to this issue.

The Americans with Disabilities Act provides as follows: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Thus, the ADA prohibits discrimination "by reason of [a] disability" and does not prohibit discrimination based on sex. Therefore, Kayla's claim of discrimination on the basis of sex may not be brought under the ADA. The Court will dismiss that portion of Count III that makes a claim under the ADA.

*\*5* For the above-stated reasons, Court will dismiss Kayla's claims in Count III only as to her claims brought pursuant to Title VI and the ADA.

**C. Section 1983 claims (Counts IV, VII and X)**

Stated simply, a § 1983 claim requires the plaintiff to allege that a state actor deprived him of a federally-secured right. *Mosely v. Board of Educ. of City of Chicago,* 434

F.3d 527, 533 (7th Cir.2006); *see also Neuman v. McCoy,* 210 Fed.Appx. 542, 2006 WL 3804383 (7th Cir.2006) (unpublished) (Section 1983 requires that the defendant's action, or inaction, deprived the plaintiff of a right secured by federal laws or the federal constitution.). Furthermore, to state a claim under § 1983, Plaintiffs must allege that the District "... has committed a legal violation pursuant to a 'custom' or with recklessness or callous indifference...." *Monticello School Dist. No. 25 v. George L. on Behalf of Brock L.,* 102 F.3d 895, 903 (7th Cir.1996). The Court stated that when there was "... no allegation in the record, including the [ ] complaint, that the School District has a custom to deny or refuse services under the IDEA or § 504 or that the School District has acted recklessly or with callous indifference, those bases for a § 1983 violation are simply unavailing." *Id.*

In Counts IV, VII and X, Plaintiffs incorporate by reference their general allegations. Therein, Plaintiffs allege that the District failed to follow its own procedures in implementing Kayla's 504 Plan. Because staff and instructors were not made aware that Kayla was a diabetic student and had "accommodations" noted in her 504 Plan, she was not allowed to receive full credit for late or make-up work. In one instance, an instructor, who had not been made aware of her diabetic condition, refused to allow her to leave class to see the school nurse when her blood sugar was dangerously low and would not allow a "buddy" to accompany her although that accommodation was part of her Plan. Plaintiffs also allege that the District has a policy of not allowing access to tight glucose control which could significantly reduce disease complications and assist diabetic students in educational performance, self-esteem and self-confidence.

The Court finds that Plaintiffs have adequately alleged facts which could entitle them to relief under § 1983 and that dismissal of these Counts on this basis is not appropriate.

**D. Written notice to parents (Counts V and VIII, B(e)-(g))**
The IDEA requires that school districts provide prior written notice to parents at certain times, as follows:

> 3) Written prior notice to the parents of the child, in accordance with subsection (c)(1) of this section, whenever the local educational agency-
>
> (A) proposes to initiate or change; or
>
> (B) refuses to initiate or change, the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child.

**\*6** In Counts V and VII, claims B(e) through (g), Glenna and Thomas allege that the District had a responsibility to follow "procedural requirements" with respect to parental rights by providing written notice prior to expelling Kayla during the pendency of due process proceedings, by providing procedures concerning placement when notified that Kayla was attending LCCC or by following up with Thomas and Glenna when they sent Kayla to LCCC.

The District contends that it is not required, under the IDEA, to provide written notice on these three specific issues. The District provides no case law in support of its position, and the Court does not read the IDEA provision at issue as narrowly as the District proposes. Surely, expelling Kayla during the pendency of due process proceedings falls within the realm of changing her placement or the provision of FAPE. Moreover, because the District allegedly allows some students "dual credit" for course work at LCCC, refusing to allow Kayla to participate in this program could constitute refusing to change her educational placement. For these reasons, the Court will deny the District's motion as to written notice.

**E. Lack of standing (Counts VII and X)**
The District asserts that Thomas and Glenna lack standing to assert claims under the IDEA and implementing regulations because their rights transferred to Kayla when she reached the age of majority. In Counts VII and X, Thomas and Glenna claim, pursuant to § 1983, that they were deprived of federally-secured rights when Kayla was denied FAPE.

The IDEA expressly grants a private right of action to parents for violations of the procedural safeguards of the IDEA. 20 U.S.C. § 1415(f), (g) and (i); *Honig v. Doe,* 484 U.S. 305, 312, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). The actions Plaintiffs allege against the District violate the rights of both parents and child under the IDEA. However, the IDEA provides that a state "may provide that, when a child with a disability reaches the age of majority ... all other rights accorded to parents under this subchapter transfer to the child." 20 U.S.C. § 1415(m)(1). Illinois has so provided. Title 23 of the Illinois Administrative Code provides, in relevant part, as follows:

a) When a student with a disability reaches the age of majority (18 years of age; see 755 ILCS 5/11-1) ... [t]he school district shall provide any notice required by this Part to both the individual and the parents, and all other rights accorded to parents under Part B of the Individuals with Disabilities Education Act, the implementing regulations at 34 CFR 300, and this Part shall transfer to the student; ... 23 IL ADC 226.690

Because there has been no showing that Kayla is incompetent or otherwise incapable of asserting her own legal interests, Thomas and Glenna lack standing under the IDEA to bring suit as parents on Kayla's behalf. *See, e. g. Weyrick v. New Albany-Floyd County Consolidated School Corp.,* 2004 WL 3059793, *4 (S.D.Ind.2004) **(finding that parent lacked standing under the IDEA to bring suit on behalf of adult son where parent alleged that the defendants "... failed to identify and evaluate [the son] regarding his need of special education services, failed to provide him with an IEP, and failed to convene required case conferences.").** Accordingly, the Court will dismiss Counts VII and X of Plaintiffs' complaint.

### IV. *Conclusion*

 ***7** Accordingly, for the above-stated reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss Amended Complaint (Doc. 48), as follows:

1) Defendant's motion to dismiss Counts I, II, VI and IX for failure to exhaust administrative remedies is **DENIED;**

2) Defendant's motion to dismiss Count III, regarding Kayla's claims of sex discrimination, is **GRANTED** as to Plaintiff's claims brought pursuant to Title VI and the ADA and **DENIED** as to other stated causes of action;

3) Defendant's motion to dismiss Count IV, regarding Kayla's § 1983 claims, is **DENIED;**

4) Defendant's motion to dismiss Counts V and VIII, (B(e)-(g)) regarding written notice to parents is **DENIED;** and

5) Defendant's motion to dismiss the claims of Thomas and Glenna, Counts VII and X, for lack of standing is **GRANTED.**

**IT IS SO ORDERED.**

## Footnotes

1. Plaintiffs have attached exhibits to their responses to Defendant's motion to dismiss. However, consideration of matters outside the pleadings without allowing opposing litigants to supplement the record constitutes error. *See Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) *(per curiam).* Accordingly, the Court will not consider Plaintiffs' exhibits unless it finds that they are referenced in Plaintiffs' amended complaint and are central to their claim. *See Venture Associates v. Zenith Data Systems,* 987 F.2d 429, 431 (7th Cir.1993).

2. To avoid confusion, the Court will refer to Plaintiffs by their given names, Kayla, Thomas and Glenna where appropriate.